
ELECTRONICALLY FILED
6/10/2010 2:16 PM
CV-2010-900041.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
FRANK LUCAS, CLERK

IN THE CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
DADEVILLE DIVISION

MWS, INC., )
 )
    Plaintiff, )
 )
v. ) CASE NO.: CV-2010-_____
 )
KNIGHT TECHNICAL SERVICES, )
INC., and TERRY WAYNE KNIGHT, )
 )
    Defendants. )

## COMPLAINT

COMES NOW Plaintiff MWS, Inc., by and through the undersigned counsel in the above-referenced matter for its complaint against Defendants Knight Technical Services, Inc. and Terry Wayne Knight. In support thereof, Plaintiff would submit the following:

## PARTIES

1. Plaintiff MWS, Inc. is a domestic corporation incorporated in the county of Tallapoosa, state of Alabama with its principal offices located at 67 Mallard Path, Dadeville, Alabama 36853. Plaintiff MWS was incorporated on February 10, 1997.

2. Defendant Knight Technical Services, Inc. is a domestic corporation incorporated in Tallapoosa County, Alabama with its principal offices located at 23 Stillwaters Grove, Dadeville, Alabama. Defendant Knight Technical Services, Inc. was incorporated on January 16, 2007.

3. Defendant Terry Wayne Knight is an individual over the age of nineteen years and is a resident of Tallapoosa County, Alabama residing at 23 Stillwater Grove, Dadeville, Alabama 36853.

## VENUE AND JURISDICTION

4.   Pursuant to §§ 6-3-2 and 6-3-7 of the *Code of Alabama* (1975), venue is appropriate in the Circuit Court of Tallapoosa County, Alabama, as Defendant Terry Wayne Knight is a resident of Tallapoosa County, Alabama, and Knight Technical Services, Inc. is a corporation incorporated in Tallapoosa County, Alabama.

5.   Jurisdiction is appropriate in the Circuit Court of Tallapoosa County, Alabama has exclusive jurisdiction over this matter if the amount in controversy exceeds the minimum jurisdictional limit for actions in the circuit courts in the state of Alabama.

## FACTS COMMON TO ALL COUNTS

6.   In 1997, Roger Wilson incorporated MWS, Inc. MWS, Inc. soon established a reputation throughout the textile and carpet industry as a supplier of machinery, parts, and service for carpet manufacturers. In 2002, MWS, Inc. hired Terry W. Knight to assist in sales and service. Through his employment with MWS, Inc., Terry W. Knight gained assess to MWS, Inc.'s customers, vendors, and suppliers. On January 16, 2007, Terry Knight incorporated Knight Technical Services, Inc. in Tallapoosa County for the purposes of selling sewing machines and equipment. At the time, Knight Technical Services, Inc. was incorporated, Terry Knight was still an employee of MWS, Inc. Soon after incorporating Knight Technical Services, Inc., Terry Knight began placing orders with MWS, Inc. vendors and paying for the invoices on an account opened under Knight Technical Services, Inc. Knight then sold the items to MWS customers, but failed to report the sales to MWS and retained any profits from the sales for Knight Technical Services, Inc. Through his employment with MWS, Terry Knight gained access to trade secrets and

proprietary information and used that information for the benefit of Knight Technical Services, Inc. to the detriment of MWS without MWS, Inc's knowledge. Terry Knight also gained access to carpet manufacturing plants throughout the southeast through his employment with MWS, Inc. and used that access for the benefit of Knight Technical Services, Inc. Terry Knight ultimately submitted his resignation to MWS, Inc. in May of 2008. After Knight's resignation, MWS, Inc. experienced significant declines in gross sales due to the tortious and fraudulent acts of Terry Knight and Knight Technical Services, Inc.

## COUNT I
### Fraudulent Suppression

7. Plaintiff adopts and incorporates by reference paragraphs 1 through 6 as if fully set forth herein.

8. In 2002, Plaintiff MWS, Inc. hired Defendant Terry Knight as a salesman to assist in sales and customer service. On or about January 16, 2007, while still employed by MWS, Inc., Defendant Terry Knight incorporated Defendant Knight Technical Services, Inc.

9. While acting in his capacity as an employee and/or agent of Plaintiff MWS, Inc., Defendant Terry Knight began purchasing machinery, equipment, parts, and supplies from MWS vendors and paying for said items through Knight Technical Services, Inc. Knight then sold the items to customers of MWS, Inc. but did not disclose the sales to MWS, Inc. and retained any profits from the sales for Knight Technical Services, Inc. Terry Knight and/or Knight Technical Services, Inc. made purchases from MWS vendors such as Frontier Distributors while still in the employ of MWS, Inc. Terry Knight, in his capacity as an agent and/or employee of MWS, Inc., had a duty to disclose any and all sales to

MWS, Inc.

10. Terry Knight breached said duty by failing to disclose said purchases made by Knight Technical Services, Inc. and/or any sales made by Terry Knight while in the employ of MWS, Inc. thereby causing MWS, Inc. to suffer damages in the form of lost sales and revenue.

WHEREFORE, PREMISES CONSIDERED, as a direct result of the fraudulent suppression of Terry Knight and/or Knight Technical Services, Inc., Plaintiff MWS, Inc. demands judgment against Defendants Terry Knight and Knight Technical Services, Inc. for compensatory and punitive damages in an amount as a jury may award.

## COUNT II
### Fraudulent Misrepresentation

11. Plaintiff adopts and incorporates by reference paragraphs 1 through 10 as if fully set forth herein.

12. In 2002, Plaintiff MWS, Inc. hired Defendant Terry Knight as a salesman to assist in sales and customer service. On or about January 16, 2007, while still employed by MWS, Inc., Defendant Terry Knight incorporated Defendant Knight Technical Services, Inc.

13. While acting in his capacity as an employee and/or agent of Plaintiff MWS, Inc., Defendant Terry Knight began purchasing machinery, equipment, parts, and supplies from MWS vendors and paying for said items through Knight Technical Services, Inc. Knight then sold the items to customers of MWS, Inc. but did not disclose the sales to MWS, Inc. and retained any profits from the sales for Knight Technical Services, Inc. Terry Knight and/or Knight Technical Services, Inc. made purchases from MWS vendors such

as Frontier Distributors while still in the employ of MWS, Inc. Terry Knight in his capacity as an agent and/or employee of MWS, Inc. had a duty to disclose any and all sales to MWS, Inc.

14.  Terry Knight breached said duty by failing to disclose said purchases made by Knight Technical Services, Inc. and/or any sales made by Terry Knight while in the employ of MWS, Inc. thereby causing MWS, Inc. to suffer damages in the form of loss sales and revenue.

15.  During the last year of his employment with MWS, Inc., Terry Knight misrepresented his sales numbers to MWS, Inc. in an effort to hide sales Knight was conducting on behalf of Knight Technical Services, Inc .Defendant Terry Knight had a duty as an employee and/or agent of MWS, Inc. to accurately disclose any sales made while in the employ of MWS, Inc. Defendant Terry Knight breached said duty by failing to disclose the sales made while in the employ of MWS, Inc. for the benefit of Knight Technical Services, Inc.

16.  As a direct and/or proximate result of the fraudulent misrepresentation of Defendant Terry Knight and/or Knight Technical Services, Inc., MWS, Inc. was caused to suffer a decline in sales and/or revenue as well as a significant market share.

WHEREFORE, PREMISES CONSIDERED, Plaintiff MWS, Inc. demands judgment against Defendants Terry Knight and Knight Technical Services, Inc. for compensatory and punitive damages in an amount as a jury may award.

## COUNT III
### Tortious Interference with a Business Relation

17.  Plaintiff adopts and incorporates by reference paragraphs 1 through 16 as if

fully set forth herein.

18. Plaintiff MWS, Inc. from its establishment in 1997, established significant ties throughout the carpet industry as a leader in sales and service of machinery, equipment, parts, and supplies. Plaintiff MWS, Inc. maintained close business relationships with such carpet industry leaders as Mohawk Industries, Shaw Industries, and Maples Industries among others. Additionally, MWS, Inc. established an extensive vendor contact list through which it purchased machinery, equipment, parts, and supplies for sale to manufacturers in the carpet industry.

19. Through his employment with Plaintiff MWS, Inc., Defendant Terry Knight gained access to proprietary customer information, customer contacts, and vendor contacts.

20. During his employment with MWS, Inc. and after his resignation from MWS, Inc., Defendant Terry Knight and/or Defendant Knight Technical Services, Inc. intentionally interfered with MWS, Inc's business relationship with its vendors and/or customers by placing orders to MWS customers on behalf of Knight Technical Services, Inc. and selling said merchandise to customers of MWS, Inc. without the knowledge of MWS, Inc.

21. Defendant Terry Knight and/or Knight Technical Services, Inc. intentionally interfered with the business relations of MWS, Inc. without justification and/or cause and during the period in which Terry Knight was an employee of MWS, Inc., Knight interfered with the business relationships of MWS, Inc. without MWS, Inc's knowledge.

22. As a direct and/or proximate result of the tortious interference of the business relations of MWS, Inc. by Defendant Terry Knight and/or Defendant Knight Technical Services, Inc., MWS, Inc. was caused to suffer damages in the form of significantly reduced

gross sales, revenues, as well as damage to his business reputation.

WHEREFORE, PREMISES CONSIDERED, Plaintiff MWS, Inc. demands judgment against Defendants Terry Knight and Knight Technical Services, Inc. for compensatory and punitive damages in an amount as a jury may award.

## COUNT IV
### Breach of the Alabama Trade Secrets Act

23. Plaintiff adopts and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

24. Defendant Terry Knight, while in the employ of Plaintiff MWS, Inc., gained access to machinery, equipment, and supplies sold exclusively by MWS, Inc. for use in the carpet industry. MWS, Inc. established the market for said equipment and machinery in the carpet industry and maintained an exclusive list of vendors and customers. During his employment with MWS, Inc., Defendant Terry Knight gained access to trade secrets maintained by MWS, Inc. and used said trade secrets for the benefit of Knight Technical Services, Inc. Terry Knight's use of trade secrets and/or proprietary information maintained by Plaintiff MWS, Inc. for the benefit of Knight Technical Services, Inc. constituted a breach of confidence and/or breach of fiduciary duty.

25. As a direct and/or proximate result of the misappropriation of trade secrets by Defendant Terry Knight and/or Knight Technical Services, Inc., Plaintiff MWS, Inc. was caused to suffer damages in the form of significant reductions to its gross sales and/or revenues as well as significant damage to MWS, Inc's business reputation.

WHEREFORE, PREMISES CONSIDERED, Plaintiff MWS, Inc. demands judgment against Defendants Terry Knight and Knight Technical Services, Inc. for compensatory

damages, punitive damages, attorneys fees and any such exemplary damages as a jury may award.

Respectfully submitted this the 10th day of June, 2010.

/s/ Adrian D. Johnson
ADRIAN D. JOHNSON (JOH172)
Attorney for Plaintiff Liberty Mutual Insurance Company

OF COUNSEL:
PARNELL & CRUM, P.A.
Post Office Box 2189
Montgomery, Alabama 36102-2189
(334) 832-4200
(334) 293-3550 Facsimile

**PLAINTIFF DEMANDS TRIAL BY JURY**