IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MWS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:12-CV-354-WKW |
| ) | [WO] |
| KNIGHT TECHNICAL SERVICES ) | |
| INC. and TERRY WAYNE KNIGHT, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| TERRY WAYNE KNIGHT, ) | |
| ) | |
| Counterclaim-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MWS, INC., ) | |
| ) | |
| Counterclaim-Defendant. ) | |
| ) | |
| TERRY WAYNE KNIGHT, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PARNELL & CRUM, P.A., ) | |
| ) | |
| Third-Party Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff MWS, Inc.'s motion to remand, as amended. (Docs. # 12, 14.) Defendants Terry Knight and Knight Technical Solutions, Inc., filed

a response in opposition (Docs. #15, 16). Based upon the arguments of counsel, the relevant law, and the record as a whole, MWS's motion to remand is due to be granted.

## I.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). At the same time, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Hence, in actions removed from state court to federal court, federal courts strictly construe removal statutes, resolve all doubts in favor of remand, and place the burden of establishing federal jurisdiction on the defendant. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

## II.  BACKGROUND

The Complaint alleges the following facts. Since 1997, Plaintiff MWS, Inc., has been a supplier of machinery, parts, and service for carpet manufacturers. Defendant Terry Wayne Knight began working for MWS in 2002 to assist in sales and service. In 2007, while employed by MWS, Mr. Knight established Defendant Knight Technical Services, Inc. ("KTS") for the purpose of selling sewing machines and equipment. Mr. Knight then began placing orders with MWS's vendors and selling products and services to MWS's customers, paying for the invoices on an account

opened under KTS and retaining the sales profits for KTS, while failing to report any of this activity to MWS. It is further alleged that throughout his employment, Mr. Knight gained access to trade secrets and proprietary information and used that information to the detriment of MWS without MWS's knowledge. Mr. Knight resigned from MWS's employment in May 2008, after which MWS experienced significant declines in gross sales as a result of Mr. Knight's acts.

On June 10, 2010, MWS filed its lawsuit in the Circuit Court of Tallapoosa County, Alabama, asserting state law causes of action against KTS and Mr. Knight for fraudulent suppression, fraudulent misrepresentation, tortious interference with business relations, and violation of the Alabama Trade Secrets Act. Nearly two years later, on April 18, 2012, Mr. Knight and KTS removed this case to the United States District Court for the Middle District of Alabama. The same date, but after removal, Mr. Knight filed in this court a counterclaim against MWS and a third-party complaint against Parnell & Crum, P.A. ("P&C"), the law firm representing MWS in this litigation. As grounds for the counterclaim and third-party complaint, Mr. Knight alleges that in 2010, MWS and P&C improperly obtained his credit reports from credit reporting agencies, in violation of the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Mr Knight and KTS predicate removal on the FCRA claims in

3

the counterclaim and third-party complaint. MWS moves to remand this action back to state court.

### III. DISCUSSION

The sole ground for removal is the assertion of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on the basis of Mr. Knight's counterclaim against MWS and his third-party complaint against P&C. Mr. Knight and KTS, as the removing parties, contend that removal is proper because Mr. Knight's claims against MWS and P&C arise under a federal statute, *i.e.*, the FCRA, within the meaning of § 1331, and that this court may exercise supplemental jurisdiction over the state law causes of action in MWS's complaint, pursuant to 28 U.S.C. § 1367(a). Mr. Knight's and KTS's arguments are flawed for the reasons discussed below.

A. **Mr. Knight's Counterclaim Against MWS**

In predicating removal jurisdiction on Mr. Knight's counterclaim against MWS, Mr. Knight and KTS appear to have overlooked the well-pleaded complaint rule. "[W]hether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Calif.*, 463 U.S. 1 (1983)); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal

law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal punctuation omitted)).

"The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." *Franchise Tax Bd.*, 463 U.S. at 10 n.9; *see also Merrell Dow Pharms., Inc.*, 478 U.S. at 808. In *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987), the Supreme Court explained:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

*Id.* at 392.

A corollary rule of the well-pleaded complaint rule, which also is well established, is that defenses and counterclaims cannot confer federal question jurisdiction. "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharms., Inc.*, 478 U.S. at 808. Additionally, "a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Mr. Knight and KTS, as the original Defendants, do not contend that MWS's Complaint against them originally could have been filed in federal court. No argument has been made that MWS's Complaint relies expressly on a federal claim or that the state law claims in the Complaint require the resolution of an "actually disputed and substantial" federal issue. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Moreover, the Complaint, which relies exclusively on state law, does not satisfy the diversity requirements of 28 U.S.C. § 1332(a). Hence, neither federal question nor diversity jurisdiction serves as a proper basis for the removal of MWS's Complaint. Based upon application of the well-pleaded complaint rule, the jurisdictional shortcomings of the Complaint preclude removal, and Mr. Knight cannot evade this rule by bringing a federal-law counterclaim against MWS and asserting removal jurisdiction on that basis.

In cursory fashion, Mr. Knight and KTS contend that this action nonetheless is removable under 28 U.S.C. § 1441(c) on the basis that the counterclaim is rooted in federal law.[1] This argument is misplaced.

---

[1] Section 1441(c) provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."  Section 1441(c) was amended in 2011, and that amendment became effective on January 6, 2012. *See* Federal Courts Jurisdiction & Venue Clarification Act of 2011 ("Act"), Pub. L. No. 112–63, 125 Stat. 758. Because this action was commenced in state court prior to the Act's effective date, the Act does not apply to this action. *See id.*

Courts interpreting § 1441(c) have concluded that "Congress' explicit incorporation of § 1331 into § 1441(c) is also an implicit incorporation of the well-pleaded complaint rule." *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 823 (S.D. W.Va. 2004); *see also Gardiner v. St. Croix Dist. Governing Bd. of Dirs.*, No. 2012–027, 2012 WL 1153286 (D.V.I. Mar. 30, 2012) ("In considering removal jurisdiction under § 1441(c), and when evaluating original 'arising under' jurisdiction under § 1331, federal courts apply the rule of the 'well-pleaded complaint.'"); *Foster v. City of Philadelphia*, 826 F. Supp. 2d 778, 781–82 (E.D. Pa. 2011) (same). No authority has been cited or found that suggests that § 1441(c) supplants the well-pleaded complaint requirement of removal jurisdiction.

The two decisions relied upon by Mr. Knight and KTS are inapposite. *See Jairath v. Dyer*, 154 F.3d 1280 (11th Cir. 1998); *Parker v. Parker*, 124 F. Supp. 2d 1216 (M.D. Ala. 2000). In *Jairath*, the issue was whether the plaintiff's state law *complaint* contained "a substantial, disputed question of federal law" so as to support removal jurisdiction. 154 F.3d at 1282. *Parker* was not a removal case, but rather was filed originally in federal court, and the court stated that the FCRA claims in the *complaint* supplied federal question jurisdiction under § 1331. Neither *Jairath* nor *Parker* addressed whether removal jurisdiction can rest upon a counterclaim that raises an issue of federal law. Accordingly, the court finds that Mr. Knight cannot

7

transform a non-removable complaint into a removable one by asserting a federal-law counterclaim against the original plaintiff.

**B.     Mr. Knight's Third-Party Complaint Against P&C**

The original Defendants' removal based upon Mr. Knight's third-party complaint against P&C for violations of the FCRA fares no better. To begin with, federal courts disagree about whether a *third-party defendant* has the right to remove a case under § 1441(c). *See Cent. of Ga. Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 937 (5th Cir. 1970) ("The cases are hopelessly divided on whether and under what circumstances a third party defendant may remove to federal court."); *see also* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3722.3, at 616 (4th ed. updated through 2012) ("A majority of the considerable number of cases decided by the courts of appeals and the district courts . . . have concluded that a third-party defendant . . . is not entitled to remove a case utilizing Section 1441(c)."). The former Fifth Circuit has taken the minority view, however, by holding that the removal under § 1441(c) by a third-party indemnity defendant is proper in certain circumstances. *See Carl Heck Eng'rs v. Lafourche Parish Policy Jury*, 622 F.3d 133, 136 (5th Cir. 1980)[2]; *see also Karp v. Am. Law*

---

[2] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *See* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

8

*Enforcement Network, LLC*, No. CA 11-0449, 2011 WL 6963254, at *2 (S.D. Ala. Nov. 18, 2011) (noting that the "position staked out by the Fifth Circuit in *Carl Heck* is in the minority (and has been roundly criticized)"), adopted by 2012 WL 38161 (S.D. Ala. Jan. 6, 2012). This court has recognized that although *Carl Heck* has been narrowed by statute and its underlying conclusion has been criticized, it remains binding authority. *See Citibank (South Dakota), N.A. v. Duncan*, No. 09cv868, 2010 WL 379869, at *2 & n.2 (M.D. Ala. Jan. 25, 2010) (Watkins, J.); *but see Moss Land & Mineral Corp. v. Fid. & Cas. Co. of New York*, No. 03-AR-845-J, 2003 WL 21360803, at *3 (N.D. Ala. June 6, 2003) (Acker, J.) ("In this court's opinion [§ 1441(c)'s 1990 amendment] wiped out *Carl Heck*. In fact, *Carl Heck* may have been a cause, if not the precipitating reason, for the Congressional tightening of the removal loophole that had been created by the Fifth Circuit in *Carl Heck*.").

*Carl Heck* is not cited by the parties, but given its precedential effect, it cannot be ignored. In the end, however, *Carl Heck* is distinguishable. In *Carl Heck*, it was the third-party defendant, not the third-party plaintiff, who removed the case. *Carl Heck* was distinguished in *Metro Ford Truck Sales v. Ford Motor Co.*, 145 F.3d 320 (5th Cir. 1998), on this basis: "While a third-party defendant may remove a case to federal court based on the third-party claim, a defendant/third-party plaintiff may not." *Id.* at 327 & n.22 (citing *Carl Heck*, 622 F.2d at 133); *see also Hayduk v. United*

9

*Parcel Serv., Inc.*, 930 F. Supp. 584, 590 (S.D. Fla. 1996) ("*Carl Heck* dealt exclusively with the right of third-party defendants to remove pursuant to § 1441(c)."); *cf. Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (Third-party plaintiff's removal based upon a federal claim in its third-party complaint was "objectively unreasonable," thus, supporting an award of attorney's fees under 28 U.S.C. § 1447(c).).

Here, the third-party defendant, which is P&C, did not remove this case. Instead, the third-party plaintiff (Mr. Knight), joined by an original defendant who is not a party to the third-party complaint (KTS), has attempted removal. Mr. Knight and KTS have submitted no authority or reasoned argument that a third-party plaintiff's removal of a third-party complaint is statutorily authorized under § 1441(c), and *Carl Heck* does not address that scenario. Given the divisiveness among other courts as to the conclusion reached by *Carl Heck*, *see Citibank*, 2010 WL 379869, at *2, the legal principle that removal statutes must be strictly construed, and the absence of Eleventh Circuit law on the issue of third-party plaintiff removals under § 1441(c), the court finds that an extension of *Carl Heck* to encompass the removal posture of this case is not warranted.

There is an additional reason for disallowing removal of the third-party complaint and for distinguishing this case from *Carl Heck*. Another judge of this

court has found that an improperly pleaded third-party complaint is not properly "joined" within the meaning of § 1441(c). *Bear Lumber Co. v. Headley*, No. 2:08cv841, 2009 WL 2448161, at *2 (M.D. Ala. Aug. 10, 2009) (Thompson, J.). In *Carl Heck*, the third-party claims were based on contractual indemnity, the quintessential impleader claim, but here it is readily apparent that Mr. Knight's third-party complaint is improper under Rule 14(a) of the Federal Rules of Civil Procedure.

Rule 14(a), which governs third-party complaints, provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987). A proper third-party complaint is formed, therefore, by the defendant's attempt "to transfer to the third-party defendant the liability asserted against him by the original plaintiff." 6 Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 1446 (3d ed. updated through April 2012).

Mr. Knight's third-party complaint does not allege that the third-party defendant, P&C, is liable to him on the state law claims (for fraudulent suppression, fraudulent misrepresentation, tortious interference with business relations, and

11

violation of the Alabama Trade Secrets Act) that MWS raises against Mr. Knight in the Complaint.  At best and construed liberally, the third-party complaint alleges that if MWS is liable on Mr. Knight's counterclaim for FCRA violations, then P&C is "vicariously liable" for MWS's FCRA infractions.  (Doc. # 2 ¶ 22.)  The third-party claims are not dependent on MWS's main claims against Mr. Knight, but rather improperly assert that the third-party defendant (P&C) is liable to the third-party plaintiff (Mr. Knight) based on a counterclaim brought by Mr. Knight against the original plaintiff (MWS).  *See Cont'l Ins. Co. v. McKain*, No. 91-2004, 1992 WL 7030, at *3 (E.D. Pa.  Jan. 10, 1992) ("Rule 14(a) . . . requires that a third-party defendant be liable to the defendants based upon the plaintiff's complaint against the defendants, not on the defendants' counterclaims against the plaintiff," no matter how factually related the third-party claim and counterclaim may be.).

P&C has not been properly joined as a third-party defendant, and this mislabeling provides independent grounds for finding the removal based upon Mr. Knight's claims against P&C improvident.  Mr. Knight and KTS have failed to provide the court with any basis for the removal of the third-party complaint.

## C.    Post-Removal Pleadings

Removal is faulty for yet another reason not addressed by the parties.  Removal jurisdiction based upon a federal question must be examined based on the pleadings

as they stand at the time of removal. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."); *see also Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) ("[T]he district court must determine whether a federal question exists at the time of removal using the original complaint rather than after removal under an amended complaint that dropped the federal claim." (citing *Behlen v. Merrill Lynch, Phoenix Inv. Partners, Ltd.*, 311 F.3d 1087 (11th Cir. 2002)).

It is true that Mr. Knight's counterclaim and third-party complaint were filed close in time to the filing of the Notice of Removal. The fact remains, however, that these pleadings had not been filed at the time Mr. Knight and KTS filed their Notice of Removal. Instead, Mr. Knight and MWS filed their notice of removal and then filed in this court the counterclaim and third-party complaint upon which they solely rely as the jurisdictional bases for removal. Hence, even assuming that the counterclaim and third-party complaint could provide grounds for removal jurisdiction had they been filed in state court, the removal of this case prior to the filing of the counterclaim and third-party complaint precludes reliance by the court on those pleadings as presenting a federal question.[3]

---

[3] Because there is no federal question jurisdiction permitting removal, the court need not address the sole focus of the parties' briefs, which is whether supplemental jurisdiction exists over the state law claims in MWS's original complaint.

13

## IV.  CONCLUSION

For the reasons discussed, this case is not removable based upon the federal claim raised in the post-removal counterclaim and third-party complaint. Accordingly, it is ORDERED that Plaintiff's Motion to Remand (Doc. #12), as amended (Doc. # 14), is GRANTED, and that this action is REMANDED to the Circuit Court of Tallapoosa County, Alabama, pursuant to 28 U.S.C. § 1447(c).  The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 14th day of August, 2012.

                                            /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE